UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WENDY WEBB                                    *    CIVIL ACTION
                                              *    NO. 25-2337
VERSUS                                        *
                                              *    MAGISTRATE JUDGE
OCEANS BEHAVIORAL HOSPITAL OF     *    JANIS VAN MEERVELD
KENTWOOD, LLC                                 *
**********************************    *

ORDER AND REASONS

This is an employment discrimination lawsuit. Before the Court is the defendant's Motion

to Dismiss (Rec. Doc. 14), which plaintiff has not opposed. The Court finds that plaintiff has failed

to timely file her lawsuit under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age

Discrimination in Employment Act ("ADEA"). Further, plaintiff has failed to state a claim for

hostile work environment or retaliation. Accordingly, defendant's Motion to Dismiss (Rec. Doc.

14) is GRANTED and plaintiff's claims for race discrimination and hostile work environment

under Title VII, age discrimination under the ADEA, hostile work environment under 42 U.S.C. §

1981, and retaliation under § 1981 are dismissed with prejudice. Only plaintiff's claim for race

discrimination under § 1981 and the Louisiana Employment Discrimination Law remain.

Background

Plaintiff Wendy Webb worked as a full-time nurse for Oceans Behavioral Hospital of

Kentwood, LLC ("Oceans Behavioral") from January 9, 2024, through August 22, 2024. Ms. Webb

is African-American. She alleges her employment was terminated following an incident on August

14, 2024, when Ms. Webb left her assigned shift early because she was suffering from a sudden

and acute illness that impaired her ability to safely continue providing patient care. Before

departing, she provided Kayla Kelly, the Director of Nursing, a written report summarizing the

condition and orders of all assigned patients. She alleges that the submission of a written report

1

was fully consistent with facility custom and did not constitute patient abandonment or insubordination. Nonetheless, on August 22, 2024, she was terminated for "shift abandonment" and "failure to provide a verbal hand-off." The termination was recommended by Kayla Kelley (white, age 29) and Michelle Gaudet (white, age 50). Ms. Webb alleges that immediately thereafter she emailed Jane Fuller, the Regional Director of Human Resources requesting review and noting that white and younger nurses routinely left written reports and that her termination for identical conduct was inequitable.[1] Ms. Fuller and Ms. Webb scheduled a meeting to talk, but Ms. Webb was not reinstated.

Ms. Webb filed a charge of discrimination with the Equal Employment Opportunity Commission on April 29, 2025, alleging age and race discrimination and describing her termination. The EEOC issued a Notice of Right to Sue on August 19, 2025.

She filed this lawsuit on November 18, 2025, alleging that younger, white nurses were treated more leniently for comparable or worse conduct. She asserts claims for hostile work environment under 42 U.S.C. § 1981; race discrimination and disparate treatment under § 1981; retaliation under § 1981; hostile work environment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000; race discrimination under Title VII; age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621; and race discrimination under the Louisiana Employment Discrimination Law ("LEDL"), La. Stat. Ann. § 23:332(A)(1).

Oceans Behavioral has filed a Motion to Dismiss. It argues that Ms. Webb's Title VII and ADEA claims must be dismissed as untimely because she filed suit 91 days after receiving the Notice of Right to Sue. Further, it argues that Ms. Webb did not raise a claim for hostile work

---

[1] Defendant attaches what purports to be the referenced email, wherein Ms. Webb describes the termination as "inequitable" and describes the use of written reports as customary for "many nurses" and states that "other nurses have routinely been allowed this privilege and/or convenience under less compelling circumstances." Rec. Doc. 14-5, at 1. But the email does not reference age or race in any way. Id.

2

environment in her EEOC charge and, therefore, she has failed to exhaust her administrative remedies as to that claim. Oceans Behavioral adds that Ms. Webb has failed to allege any facts that could support a claim for hostile work environment and argues that her hostile work environment claim under § 1981 and the LEDL[2] should also be dismissed. Finally, Oceans Behavioral argues that Ms. Webb has failed to state a claim for retaliation because she has not adequately alleged that she engaged in a protected activity.

The time period to file a memorandum in opposition has passed, and Ms. Webb has not filed an opposition. The Court considers the Motion to Dismiss unopposed.

<u>Law and Analysis</u>

*1. Standard on a Motion to Dismiss*

Rule 12(b)(6) allows a defendant to move for dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on such a motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." <u>In re Katrina Canal Breaches Litigation</u>, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted). However, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citation, footnote, and quotation marks omitted). On that point, the United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

---

[2] Ms. Webb's complaint appears to assert only a race discrimination under the LEDL, but it is possible she is attempting to assert a claim for hostile work environment as well.

3

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000). The Fifth Circuit has recognized that the court may also consider documents attached to a motion to dismiss by the defendant if they are referred to in the plaintiff's complaint and central to her claim. Id. at 498-99. For example, in Carter v. Target Corp., the court held that the district court was permitted to consider the EEOC charges attached to the defendant's motion to dismiss because they were referenced in the plaintiff's complaint and were central to plaintiff's claim. 541 F. App'x 413, 417 (5th Cir. 2013).

   1.  *Timeliness of Title VII and ADEA Claims*

Before bringing a suit in court, an employment discrimination plaintiff must exhaust administrative remedies, which occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002). Title VII requires that a plaintiff file suit within ninety days of receipt of an EEOC right-to-sue letter. Nilsen v. City of Moss Point, Miss., 674 F.2d 379, 381 (5th Cir. 1982) (citing 42 U.S.C. § 2000e-5(f)(1)). This same 90-day limitations period applies to claims filed under the Age Discrimination in Employment Act. 29 U.S.C. §626(e); St. Louis v. Texas Worker's Comp. Comm'n, 65 F.3d 43, 47 (5th Cir. 1995).

The "requirement to file a lawsuit within the ninety-day limitation period is strictly construed." Taylor, 296 F.3d at 379. Courts within the Fifth Circuit have found that a claimant's receipt of the EEOC's notice via email begins the 90-day limitation period. See, e.g., Harrison v. Mayorkas, No. CV 21-161, 2022 WL 2237135, at *2-3 (E.D. La. June 21, 2022) (holding that 90-

day limitation period began to run from receipt of EEOC email, even when the email was not read on that date); Boyd v. Monroe City Hall, No. 20-1473, 2021 WL 1305385, at *4 (W.D. La. Mar. 8, 2021) (holding that EEOC email of determination notice triggered 90 day period, even when email was deposited in plaintiff's spam folder). "Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." Taylor, 296 F.3d at 376 (citing Butler v. Orleans Parish School Board, No. CV 00-0845, 2001 WL 1135616 (E.D. La. Sept. 25, 2001) (dismissing Title VII claims where *pro se* plaintiff filed her complaint one day beyond the ninety-day period because she and her husband were prevented from filing on the 90th day, as planned, by family illnesses).

Here, Ms. Webb alleges that the Notice of Right to Sue was issued on August 19, 2025. Rec. Doc. 1, at 4. Oceans Behavioral has attached a copy of the Notice of Right to Sue and the email by which it received the notice from the EEOC, and both are dated August 19, 2025. Rec. Docs. 14-2, 14-3.

Ninety days after August 19, 2025, was November 17, 2025, which was neither a weekend nor a holiday. Ms. Webb filed the present Complaint a day later on November 18, 2025. Ms. Webb's Complaint is untimely. Her Title VII and ADEA claims must be dismissed.

2. *Hostile Work Environment - Exhaustion of Administrative Remedies under Title VII*

As noted above, Title VII requires that a plaintiff file a charge with the EEOC prior to filing suit. Ernst v. Methodist Hosp. Sys., 1 F.4th 333, 337 (5th Cir. 2021). "To satisfy exhaustion, a claim generally must arise out of the plaintiff's EEOC charge." Id. The Court interprets "what is properly embraced in review of a Title–VII claim somewhat broadly," by considering not only "the scope of the administrative charge itself" but also "the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'" Pacheco v. Mineta, 448

F.3d 783, 789 (5th Cir. 2006) (quoting <u>Sanchez v. Standard Brands, Inc.</u>, 431 F.2d 455, 466 (5th Cir. 1970)).

Here, Ms. Webb's EEOC charge describes only the incident leading up to her termination and her claim that she was discriminated against because of her race. Nothing in the charge suggests she experienced any type of harassment or hostile work environment. A hostile work environment claim could not reasonably be expected to grow out of her EEOC charge. Ms. Webb has failed to exhaust her administrative remedies as to any hostile work environment claim under Title VII. This claim must be dismissed.

3. *Hostile Work Environment – LEDL Requirement that Notice be Given*

Although the LEDL does not require a plaintiff to exhaust administrative remedies, <u>see</u> <u>Walton-Lentz v. Innophos, Inc.</u>, 476 F. App'x 566, 570 (5th Cir. 2012), the statute does require that:

> A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.

La. Stat. Ann. § 23:303(C). "[A] plaintiff's failure to provide timely notice of intent to sue warrants dismissal of an LEDL claim . . . ." <u>Stubberfield v. Offshore</u>, No. CV 15-2339, 2016 WL 2855480, at *2 (E.D. La. May 16, 2016). The notice requirement may be satisfied by filing an EEOC charge. <u>Lafargue v. Comprehensive Health Mgmt., Inc.</u>, No. CV 19-11111, 2020 WL 3832663, at *4 (E.D. La. July 8, 2020).

Oceans Behavioral argues that Ms. Webb's hostile work environment claim under the LEDL must be dismissed because she failed to provide notice. Indeed, as discussed above, Ms. Webb's EEOC charge did not provide notice of a hostile work environment claim. She has offered

6

no other basis to find that the notice requirement has been met. For this reason, Ms. Webb's LEDL hostile work environment claim must be dismissed.

4. *Failure to State a Hostile Work Environment Claim under § 1981.*

To establish a hostile-work-environment claim under § 1981 or Title VII, an employee must prove that she

> (1) belongs to a protected group; (2) [she] was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.

Hernandez v. Yellow Transp., Inc., 670 F.3d 644, 651 (5th Cir. 2012) (quoting Ramsey v. Henderson, 286 F.3d 264, 268 (5th Cir. 2002)); see Mendoza v. Helicopter, 548 F. App'x 127, 128 (5th Cir. 2013). Harassment affects a "term, condition, or privilege" of employment when it is so severe or pervasive that it alters the conditions of employment and "create[s] an abusive working environment." Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986) (quoting Henson v. City of Dundee, 682 F.2d 897, 904 (11th Cir. 1982)). In determining "whether a hostile work environment existed, a court must consider 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" Moore v. United Parcel Serv., Inc., 150 F. App'x 315, 319 (5th Cir. 2005) (quoting Ramsey v. Henderson, 286 F.3d 264, 268 (5th Cir. 2002)).

Here, Oceans Behavioral argues that plaintiff has failed to allege any facts that could support a hostile work environment claim. Indeed, the alleged instances of harassment do not appear to concern Ms. Webb's employment with Oceans Behavioral at all. Ms. Webb alleges that she was "subjected to unwelcome conduct in [defendant's] refusal to report the harassment was

based on race in regards to the March 22, 2023, Incident [and] the November 8, 2023, Incident."

Rec. Doc. 1, at 15-16. But Ms. Webb alleges that she did not begin employment with Oceans

Behavioral until after that, in January 2024.  She alleges also that defendant's actions and/or

omissions "created a hostile work environment for Plaintiff because of her race – she was the sole

African American woman Sales Team Manager." But she alleges she was a nurse with Oceans

Behavioral, not a Sales Team Manager. As Oceans Behavioral suggests, it appears that Ms. Webb's

counsel erroneously included allegations from a wholly different complaint.[3] See Rec. Doc. 1, at

9-10.  As to Ms. Webb's employment with Oceans Behavioral as a nurse in 2024, there are no

allegations at all that could be construed as creating a hostile work environment. Ms. Webb has

failed to state a plausible claim for hostile work environment under § 1981, and such claims must

be dismissed for failure to state a claim.

   5.  *Retaliation under § 1981.*

       Section 1981 claims for retaliation are analyzed under the same rubric as Title VII. Scott v.

U.S. Bank Nat'l Ass'n, 16 F.4th 1204, 1209 (5th Cir. 2021), as revised (Nov. 26, 2021). To establish

a retaliation claim under § 1981, the plaintiff must allege that she "engaged in a protected activity,"

that "an adverse employment action occurred," and that "a causal link exists between the protected

activity and the adverse employment action. Wantou v. Wal-Mart Stores Texas, L.L.C., 23 F.4th

422, 436–37 (5th Cir. 2022). "An employee engages in a protected activity under Section 1981

---

3 This error, while it may have been inadvertent, is indefensible. Even a cursory review of the Complaint prior to filing would have revealed references to "Mr. Jonathan Laskie" serving as a "Market Sales Director" tasked with "supporting funeral homes and cemeteries in sales, retirement, training, and marketing," "Mr. Albert Delaney Jr., "the General Manager Area Cemeteries of the SCI Funeral Services and S.E. Cemeteries of Louisiana," and several other individuals and titles that are clearly unrelated to Ms. Webb's claims. The inclusion of pages of extraneous information has resulted in additional work for the defendant and the Court in order to determine which allegations of the Complaint actually apply to Ms. Webb. The Court cautions Ms. Webb's counsel that "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

when 'he has opposed any practice made unlawful by [Title VII].'" <u>Scott</u>, 16 F.4th at 1209 (quoting 42 U.S.C. § 2000e-3(a)). Under Title VII, protected activity "can consist of either: (1) 'oppos[ing] any practice made an unlawful employment practice by this subchapter' or (2) 'ma[king] a charge, testif[ying], assist [ing], or participat[ing] in any manner in an investigation, proceeding, or hearing under this subchapter.'" <u>E.E.O.C. v. Rite Way Serv., Inc.</u>, 819 F.3d 235, 239 (5th Cir. 2016) (quoting 42 U.S.C. §2000e-3(a)) (alteration in original). The Fifth Circuit has "consistently held that a vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity." <u>Davis v. Dallas Indep. Sch. Dist.</u>, 448 F. App'x 485, 493 (5th Cir. 2011).

Here, Oceans Behavior argues that Ms. Webb failed to allege that she engaged in any protected activity. First, it points out that she alleges making reports after the March 2023 and November 2023 incidents and within days she was subjected to a retaliatory lateral transfer and disciplinary action. As noted above, these purported incidents occurred before she allegedly began work at Oceans Behavior and appear to be related to a different lawsuit. And no facts alleged support any lateral transfer or disciplinary action other than the August 2024 termination.

As to Ms. Webb's allegation that she emailed Ms. Fuller immediately after her termination and claimed her termination was inequitable, Oceans Behavior argues that this complaint cannot be a protected activity because she did not make any reference to racial discrimination. Indeed, although Ms. Webb alleges that she told Ms. Fuller white and younger nurses received different treatment, the copy of the email attached by Oceans Behavior shows that she did not do so.[4]

The Court finds Ms. Webb has failed to plausibly allege that she engaged in a protected activity. Accordingly, she has failed to state a claim for retaliation and this claim must be dismissed.

---

[4] Because the email is referenced in Ms. Webb's complaint, the Court finds it appropriate to consider the email as incorporated into her Complaint.

Conclusion

Because Ms. Webb has failed to exhaust administrative remedies under Title VII and the ADEA, her claims under these claims are dismissed. Furthermore, Ms. Webb has failed to exhaust her administrative remedies as to any hostile work environment claim under Title VII and as to any hostile work environment claim under the LEDL, she has failed to provide adequate pre-suit notice. These claims are dismissed. Further, Ms. Webb has failed to state a claim for hostile work environment or retaliation under § 1981. These claims are also dismissed. Accordingly, Oceans Behavior's Motion to Dismiss is GRANTED. Only Ms. Webb's claims for race discrimination under § 1981 and the LEDL remain.

New Orleans, Louisiana, this 6th day of July, 2026.

_____
Janis van Meerveld
United States Magistrate Judge

10